UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARY NILAND, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>   vs.<br><br>ALLIANCE COLLECTION AGENCIES, INC.,<br><br>        Defendant. | Case No.: 17-cv-722<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Mary Niland is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a home internet services bill.

5. Defendant Alliance Collection Agencies, Inc. ("Alliance") is a Wisconsin corporation with its primary offices located at 3916 S Business Park Avenue, Marshfield, Wisconsin 54449.

6. Alliance is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Alliance is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Alliance is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about March 2, 2017, Alliance mailed a collection letter to Plaintiff regarding an alleged debt owed to Aurora Health Care ("Aurora"). A copy of the letter is attached to this complaint as Exhibit A.

9. Upon information and belief, the letter in Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. Upon information and belief, the letter in Exhibit A is a form debt collection letter used by Credit Management to attempt to collect the alleged debt.

11. The debt referenced in Exhibit A was incurred for home internet services in Plaintiff's residence. Thus, the debt was incurred for personal, family or household purposes.

12. Exhibit A contains the following text:

```
If you are unable to pay the Amount Due in full, please contact our
office to complete a financial assessment.  This assessment will enable
us to determine whether you may qualify for settlement of this debt for
less than the full payment.  To discuss this option, or if you have
questions, you may also contact our office at 1-800-215-1547 and we will be
happy to assist you.
```

13. The statements that Alliance would conduct a "financial assessment" that will "enable [Alliance] to determine whether you may qualify for settlement of this debt for less than the full payment" is objectively false and misleading to the unsophisticated consumer.

2

14. Upon information and belief, Aurora has provided Alliance with authority to settle accounts for less than the balance owed. The amount of any settlement offer is determined by the age and amount of the debt, regardless of the consumer's financial situation.

15. The false, confusing and misleading statement in <u>Exhibit A</u> is a material false statement (*See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)).

16. Upon information and belief, the statement about completing a financial assessment is designed to make the consumer believe, falsely, that she must provide financial information to Alliance before a settlement would be offered. Its actual purpose is to convince the consumer to contact Alliance and reveal personal financial information to Alliance for collection purposes.

17. Falsely claiming to require a "financial assessment" when one is not done for the stated purpose and is not required for Alliance and Aurora to provide a settlement offer is a false and misleading statement and an unfair practice. *See, eg. Beasley v. Collectors Training Inst., Inc.,* 98 C 8113, 1999 U.S. Dist. LEXIS 13275, at *7 (N.D. Ill. Aug. 17, 1999) ("[D]efendants' brief search was contrary to the intrusive pursuit avowed in the letter.")

18. The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt". 15 U.S.C. § 1692e.

19. 15 U.S.C. § 1692e(5) specifically prohibits "The threat to take any action that cannot legally be taken or that is not intended to be taken."

20. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

21. 15 U.S.C. § 1692f generally prohibits any "unfair or unconscionable means to collect or attempt to collect any debt."

22. Plaintiff was confused by Exhibit A.

23. The unsophisticated consumer would be confused by Exhibit A.

24. Plaintiff had to spend time and money investigating Exhibit A.

25. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

26. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

27. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

4

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

29. Exhibit A falsely states that Alliance would require Plaintiff to submit to a "financial assessment" in order for Alliance to make a settlement offer to Plaintiff. In fact, no such financial assessment is necessary to settle the debt.

30. Exhibit A is confusing, deceptive, and/or misleading to the unsophisticated consumer.

31. Alliance's misrepresentation is material, as it would provoke the consumer into providing financial information to a debt collector on false pretenses.

32. Alliance violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter, (c) seeking to collect a debt for personal, family or household purposes, (d) containing the language: "If you are unable to pay the Amount Due in full, please contact our office to complete a financial assessment. This assessment will enable us to determine whether you may qualify for settlement of this debt for

5

less than the full payment." (e) between May 23, 2016 and May 23, 2017, inclusive, (f) that was not returned by the postal service.

34. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

35. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e and 1692e(10).

36. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

38. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

39. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated:  May 23, 2017

                                        **ADEMI & O'REILLY, LLP**

By:   /S/ John D. Blythin
       Shpetim Ademi (SBN 1026973)
       John D. Blythin (SBN 1046105)
       Mark A. Eldridge (SBN 1089944)
       Denise L. Morris (SBN 1097911)
       3620 East Layton Avenue
       Cudahy, WI 53110
       (414) 482-8000
       (414) 482-8001 (fax)
       sademi@ademilaw.com
       jblythin@ademilaw.com
       meldridge@ademilaw.com
       dmorris@ademilaw.com