# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARY NILAND and
CHERYL L. KOBLESKI,

    Plaintiffs,

  v.                                     Case No. 17-CV-722

**ALLIANCE COLLECTION AGENCIES INC.**

    **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Mary Niland and Cheryl Kobleski file suit against Alliance Collection Agencies Inc. alleging violations of the Fair Debt Collection Practices Act ("FDCPA") based on actions taken by Alliance in the course of collecting a debt allegedly owed to Aurora Health Care ("Aurora"). Currently before me is Alliance's motion to dismiss plaintiffs' second amended complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons explained below, Alliance's motion to dismiss is granted in part and denied in part.

## BACKGROUND

*Collection Letter from Alliance to Niland*

Plaintiffs allege in their second amended complaint that on or about March 2, 2017, Alliance mailed a collection letter to Niland regarding a debt owed to Aurora. (Second Am. Compl. ¶ 9, Docket # 36.) The alleged debt was incurred for personal medical services. (Second Am Comp. ¶ 15.) The letter, which plaintiffs have attached to their complaint, reads in relevant part:

> If you are unable to pay the Amount Due in full, please contact our office to complete a financial assessment. This assessment will enable us to determine whether you may qualify for settlement of this debt for less than the full payment. To discuss this option, or if you have questions, you may also contact our office at 1-800-215-1547 and will be happy to assist you.

(Second Am. Compl., Ex A. at 2, Docket # 36-1; Second Am. Compl. ¶ 16.)

Plaintiffs assert that the letter stating that a "financial assessment" was needed to determine whether Niland qualified for settlement less than a full amount of the debt was an objectively false statement and misleading to an unsophisticated consumer. (Second Am. Compl. ¶ 21.)

*Collection Letters from Professional Placement Services and Alliance to Kobleski*

On September 30, 2016, Professional Placement Services, who is not a party to this case, sent a letter to Kobleski regarding a debt allegedly owed to Aurora. (Second Am. Compl. ¶ 22.) The debt was related to medical services provided to Kobleski and her minor child. (*Id*.) The letter, which plaintiffs have attached to their complaint, states that it was collecting debt in the amount of $626.02, (Ex. B. at 1, Docket # 36-2; Second Am. Compl ¶ 25), of which $207.02 was from Kobleski's "PB AURORA ST. LUKES MEDICAL CENTER" account with a number ending in 6830:

```
Original Act#            Original Creditor                      Amount
    1805         AURORA ST LUKES MEDICAL CENTER                  419.00
    6830         PB AURORA ST LUKES MEDICAL CENTER               207.02
```

(Ex. B. at 1, Docket # 36-2; Second Am. Compl. ¶ 27.)

On or about October 3, 2016, Alliance mailed a collection letter regarding a debt originally owed to Aurora. (*Id*. ¶ 30.) In addition to other debts, this letter listed a debt from PB AURORA ST LUKES MEDICAL CENTER in the amount of $207.02, with a service date of April 2, 2015 and an account number ending in 9772:

| SERVICE DATE | CREDITOR | ACCOUNT NUMBER | TOTAL BALANCE |
|---|---|---|---|
| 02/09/2015 | AURORA MEDICAL GROUP FRANKLIN CLINIC | ****1682 | 305.91 |
| 04/02/2015 | PB AURORA ST LUKES MEDICAL CENTER | ****9772 | 207.02 |
| 07/23/2015 | PB AURORA ST LUKES MEDICAL CENTER | ****5507 | 34.11 |
| | | **GRAND TOTAL** | **$547.04** |

(Ex. C at 2, Docket # 36-3; Second Am. Compl. ¶ 35.)

*Letter from Aurora*

On September 24, 2015, October 25, 2015, November 24, 2015, and December 24, 2015, Aurora (the original creditor) mailed account statements to Kobleski. A copy of the account statement, dated September 24, 2015, which plaintiffs have attached to the second amended complaint, is printed below.

| Account Number | Account Name | Bill Date | Due Date |
|---|---|---|---|
| 4722 | CHERYL L KOBLESKI | 09/24/2015 | Upon Receipt |

| DATE | DESCRIPTION | CHARGES | PAYMENTS/ ADJUSTMENTS | INSURANCE PENDING | PATIENT BALANCE |
|---|---|---|---|---|---|
| Previous Visit Balance - Visit # 1805 - Date of Service - 7/23/2015 - | | | | | |
| | CURRENT TOTAL VISIT BALANCE | | | $0.00 | $419.00 |
| Previous Visit Balance - Visit # 5507 - Date of Service - 7/23/2015 - | | | | | |
| | CURRENT TOTAL VISIT BALANCE | | | $0.00 | $34.11 |
| Previous Visit Balance - Visit # 6830 - Date of Service - 7/23/2015 - | | | | | |
| | CURRENT TOTAL VISIT BALANCE | | | $0.00 | $207.02 |
| **Visits on a Payment Plan** | | | | | $100.00 |
| 09/24/14 | Visit # 6352 - CHERYL L KOBLESKI | | | | |
| 12/11/14 | Visit # 5775 - K K | | | | |
| 02/09/15 | Visit # 1682 - CHERYL L KOBLESKI | | | | |
| 04/02/15 | Visit # 9772 - K K | | | | |
| 09/14/15 | PATIENT PAYMENT - Thank You | | $-10.00 | | |

(Ex. D at 2, Docket # 36-4; Second Am. Compl. ¶ 39.) As can be seen in the letter, it appears that a ten-dollar payment was made as part of a payment plan.

The letter sent from Aurora on October 25, 2015, reads as follows:

| Account Number | Account Name | Bill Date | Due Date |
|---|---|---|---|
| ▮4722 | CHERYL L KOBLESKI | 10/25/2015 | Upon Receipt |

| DATE | DESCRIPTION | CHARGES | PAYMENTS/ ADJUSTMENTS | INSURANCE PENDING | PATIENT BALANCE |
|---|---|---|---|---|---|
| | Previous Visit Balance - Visit # ▮1805 - Date of Service - 7/23/2015 - ▮ | | | | |
| | *CURRENT TOTAL VISIT BALANCE* | | | $0.00 | $419.00 |
| | Previous Visit Balance - Visit # ▮5507 - Date of Service - 7/23/2015 - ▮ | | | | |
| | *CURRENT TOTAL VISIT BALANCE* | | | $0.00 | $34.11 |
| | Previous Visit Balance - Visit # ▮6830 - Date of Service - 7/23/2015 - ▮ | | | | |
| | *CURRENT TOTAL VISIT BALANCE* | | | $0.00 | $207.02 |
| | **Visits on a Payment Plan** | | | | $150.00 |
| 09/24/14 | Visit # ▮6352 - CHERYL L KOBLESKI | | | | |
| 12/11/14 | Visit # ▮5775 - K▮ K▮ | | | | |
| 02/09/15 | Visit # ▮1682 - CHERYL L KOBLESKI | | | | |
| 04/02/15 | Visit # ▮9772 - K▮ K▮ | | | | |

(Docket # 36-4 at 6; Second Am. Compl. ¶ 40.)

The letter sent from Aurora on November 24, 2015 reads as follows:

| Account Number | Account Name | Bill Date | Due Date |
|---|---|---|---|
| ▮4722 | CHERYL L KOBLESKI | 11/24/2015 | Upon Receipt |

| DATE | DESCRIPTION | CHARGES | PAYMENTS/ ADJUSTMENTS | INSURANCE PENDING | PATIENT BALANCE |
|---|---|---|---|---|---|
| | Previous Visit Balance - Visit # ▮1805 - Date of Service - 7/23/2015 - ▮ | | | | |
| | *CURRENT TOTAL VISIT BALANCE* | | | $0.00 | $419.00 |
| | Previous Visit Balance - Visit # ▮5507 - Date of Service - 7/23/2015 - ▮ | | | | |
| | *CURRENT TOTAL VISIT BALANCE* | | | $0.00 | $34.11 |
| | Previous Visit Balance - Visit # ▮6830 - Date of Service - 7/23/2015 - ▮ | | | | |
| | *CURRENT TOTAL VISIT BALANCE* | | | $0.00 | $207.02 |
| | Date of Service 10/5/2015 - Visit # ▮1226 - K▮ K▮ | $252.00 | | $0.00 | |
| 10/27/15 | INSURANCE ADJUSTMENT - UNITED HEALTHCARE | | $-114.00 | | |
| 10/27/15 | INSURANCE PAYMENT - UNITED HEALTHCARE | | $0.00 | | |
| | *PROFESSIONAL/CLINIC SERVICES BALANCE* | | | $0.00 | $138.00 |
| | **Visits on a Payment Plan** | | | | $200.00 |
| 09/24/14 | Visit # ▮6352 - CHERYL L KOBLESKI | | | | |
| 12/11/14 | Visit # ▮5775 - K▮ K▮ | | | | |
| 02/09/15 | Visit # ▮1682 - CHERYL L KOBLESKI | | | | |
| 04/02/15 | Visit # ▮9772 - K▮ K▮ | | | | |

(Docket # 36-4 at 7; Second Am. Compl. ¶ 41.)

The letter sent from Aurora on December 24, 2015 reads as follows:

| Account Number | Account Name | Bill Date | Due Date |
|---|---|---|---|
| ▇4722 | CHERYL L KOBLESKI | 12/24/2015 | Upon Receipt |

| DATE | DESCRIPTION | CHARGES | PAYMENTS/ ADJUSTMENTS | INSURANCE PENDING | PATIENT BALANCE |
|---|---|---|---|---|---|
| | Previous Visit Balance - Visit # ▇1805 - Date of Service - 7/23/2015 - ▇<br>CURRENT TOTAL VISIT BALANCE | | | $0.00 | $419.00 |
| | Previous Visit Balance - Visit # ▇5507 - Date of Service - 7/23/2015 - ▇<br>CURRENT TOTAL VISIT BALANCE | | | $0.00 | $34.11 |
| | Previous Visit Balance - Visit # ▇6830 - Date of Service - 7/23/2015 - ▇<br>CURRENT TOTAL VISIT BALANCE | | | $0.00 | $207.02 |
| | Previous Visit Balance - Visit # ▇1226 - Date of Service - 10/5/2015 - ▇<br>CURRENT TOTAL VISIT BALANCE | | | $0.00 | $138.00 |
| | Visits on a Payment Plan | | | | $0.40 |
| 09/24/14 | Visit # ▇6352 - CHERYL L KOBLESKI | | | | |

(Docket # 36-4 at 8, Second Am. Compl. ¶ 42.)

Plaintiffs allege that the $207.02 Alliance sought to collect (reflected in the October 3, 2016 collection letter) was the same debt that was listed in the account statements sent by Aurora in September, October, November, and December, thus confusing the unsophisticated consumer "as to why an account being paid through the payment plan was forwarded to a third-party debt collector." (Second Am. Compl. ¶ 46.) Further, plaintiffs assert that both Alliance and Professional Placement Service sending two different collection letters for the same debt of $207.02 would confuse the unsophisticated consumer. (Second Am. Compl. ¶ 47.)

Count One of the second amended complaint states that Alliance sending the collection letter requiring Niland to submit a "financial assessment" in order to settle the debt was a confusing, deceptive, or misleading statement to the unsophisticated consumer, (Second Am. Compl. ¶ 61) and a material misrepresentation "provok[ing] the consumer into providing financial information to a debt collector on false pretenses, all in violation of 15

5

U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f of the FDCPA." (Second Am. Compl. ¶¶ 62-63.)

Count Two asserts that Alliance falsely stated that the debt it was seeking to collect from Kobleski for $207.02, with a service date of April 2, 2015, was actually the same debt sought by Aurora (the original creditor), which had a service date of July 23, 2015 and an account number ending in 6830. Count Two states that Alliance's letter was confusing, deceptive, and misleading to the unsophisticated consumer in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f of the FDCPA. (Second Am. Compl. ¶¶ 60-63.)

Count Three alleges that Alliance violated the FDCPA when it sent its collection letter on October 3, 2016 for the same $207.02 that Professional Placement Services sent a collection letter for on September 30, 2016. (Second Am. Compl. ¶ 72.) Plaintiffs assert that the two letters would "confuse the consumer about a material issue, namely how and to whom the consumer should pay the debt." (Second Am. Compl. ¶ 74.)

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must satisfy Rule 8(a) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief. . . in order to give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley vs. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, the allegations must suggest that the plaintiff is entitled to relief beyond the speculative level. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007). The Court must construe the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all

possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).

## ANALYSIS

Congress enacted the FDCPA to protect consumers from "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1328 (7th Cir. 1997). To state a claim under § 1692e, a plaintiff must plausibly allege that a collection letter would materially mislead or confuse an unsophisticated consumer. *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018). Generally, "this inquiry involves a 'fact-bound determination of how an unsophisticated consumer would perceive the statement . . . '" and thus, "dismissal is only appropriate in 'cases involving statements that plainly, on their face, are not misleading or deceptive.'" *Id.* (quoting *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812, 814-15 (7th Cir. 2016)).

The Seventh Circuit has cautioned that district courts should "tread carefully before holding that a letter is not confusing as a matter of law when ruling on Rule 12(b)(6) motion because 'district judges are not good proxies for the unsophisticated consumer whose interest the statute protects.'" *McMillan v. Collection Professional Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quoting *Walker v. National Recovery, Inc.*, 200 F.3d 500, 501-503 (7th Cir. 1999)).

Alliance argues that the second amended complaint should be dismissed for two reasons. First, Alliance argues that the FDCPA is not violated by a debt collector seeking financial information from a debtor to settle a debt. Second, Alliance argues that the second amended complaint establishes that there existed two separate debts for $207.02, thus negating any confusion about receiving collection letters from two different debt collectors. I will address each issue in turn.

7

### 1. Letter to Niland Seeking Financial Assessment

Again, Count One of the second amended complaint states that Alliance's collection letter "falsely states that Alliance would require [Niland] to submit a 'financial assessment' in order for Alliance to make a settlement offer to [Niland]" when "[i]n fact, no such financial assessment is necessary to settle the debt." (Second Am. Compl. ¶ 63.) Alliance argues that the FDCPA does not prohibit a request for financial information. (Def.'s Br. in Support of Motion to Dismiss ("Def.'s Br.") at 11, Docket # 18.) Additionally, Alliance argues that debt collectors seeking to gain information about a debtor's ability to pay "is at the heart of every discussion a debt collector has." (*Id*. at 12.) Thus, according to Alliance, there is nothing false, misleading, or deceptive about "inviting the debtor to participate in an assessment to determine whether they would be eligible to obtain a reduction of the debt. . . ." (*Id*.)

I find that plaintiffs have adequately pled that Alliance's letter was a violation of the FDCPA. The Seventh Circuit has described the unsophisticated consumer, for FDCPA purposes, as "uninformed, naïve and trusting," and only possessing basic knowledge of the financial sphere. *Williams v. OSI Educational Services, Inc.*, 505 F.3d 675, 678 (7th Cir. 2007) (internal citation omitted). Further, the FDCPA provides that consumers have a right to ask a debt collector to refrain from contacting them. *See* 15 U.S.C. § 1692c; *Johnson v. Alltran Education, LP*, Case. No. 17-CV-6616, 2018 WL 2096374 at *4 (N.D. Ill. May 7, 2018). Thus, an unsophisticated consumer could view a letter seeking financial information as the only means of settling a debt, when in fact, a consumer could prohibit communication from the debt collector. Similarly, a consumer can stop communication from a debt collector by disputing the debt. 15 U.S.C. § 1692g(b). Construing the facts in a light most favorable to plaintiffs, as I must do at the pleading stage, I find that plaintiffs have sufficiently pled that

Alliance materially misled Niland by stating that Niland must provide financial information to settle the debt. Accordingly, Alliance's motion to dismiss Count One is denied.

   2.   *Letters to Kobleski*

Count Two asserts that Alliance's letter to Kobleski falsely stated that it was collecting a debt of $207.02 with a service date of April 2, 2015, and an account number ending in 9772, when Alliance was actually seeking to collect a debt for $207.02 with service date of July 23, 2015, and an account number ending in 6830, which was the same debt sought by Aurora (the original creditor). (Second Am. Compl. ¶ 66.) Similarly, Count Three alleges that the letters from Alliance and PPS were confusing, deceptive, and misleading because they sought the same debt for $207.02. (Second Am. Compl. ¶ 72.)

It is important to note that while I must take all well-pleaded facts as true, I am not bound to accept as true legal conclusions couched as facts. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010). There is nothing in the second amended complaint that supports the conclusory statement that Alliance's letter to Kobleski was false. Though an unsophisticated consumer is presumed to possess only basic knowledge of the financial world, a court is not required to entertain "unrealistic, peculiar, and bizarre" interpretations of collection letters. *McMillan*, 455 F.3d at 758. Kobleski received four letters from Aurora (the original creditor) seeking $207.02 for medical services. Each letter from Aurora had a service date of July 23, 2015 and an account number ending 6830. (Second Am. Compl. ¶ 39-42.) Conversely, Alliance's collection letter referencing the debt for $207.02 had a service date of April 2, 2015 and an account number of 9772. Although the debt was for same amount, there was no reason to believe that the $207.02 Alliance sought—which included a different service date and a different account number—could possibly be the same debt sought by the original creditor ten

months earlier. Similarly, the letters Alliance and PPS sent to Kobleski differed in account numbers. Plaintiffs have not provided, and I have not found, any legal support for the argument that confusion occurs under the FDCPA from multiple debt collectors seeking debts in identical amounts.

Alliance argues that the second amended complaint and its attachments establish that Alliance and PPS were seeking two different debts. I agree. As a general matter, the Seventh Circuit views the confusing nature of a debt validation notice as a question of fact, that if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion. However, a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is "'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)). This is such a case. The letters sent by Alliance clearly differ in account number and service date as the letters sent from the original creditor and differs in account number from the letter sent by PPS. The letters make clear the specific debt that was sought by each party.

Again, the Seventh Circuit has instructed district courts to be careful before holding that a collection letter was not confusing as a matter of law under Rule 12(b)(6). *See McMillan*, 455 F.3d at 759. The letters sent to Kobleski, however, are so clear on its face that "not even a significant fraction of the population would be misled by it." *See Zemeckis*, 679 F.3d at 636. Thus, Alliance's motion to dismiss Counts Two and Three is granted.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Alliance's motion to dismiss Count One (Docket # 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Alliance's motion to dismiss Counts Two and Three is **GRANTED**.

Dated at Milwaukee, Wisconsin this 28th day of September, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge